**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-31283
(Summary Calendar)

JOHN ROBERTSON, as the Surviving Brothers and Sisters of Larry Robertson, Deceased; ERNEST ROBERTSON, as the surviving Brothers and Sisters of Larry Robertson, Deceased; ROSIE CUNNIKIN, as the Surviving Brothers and Sisters of Larry Robertson, Deceased; SARAH DUKES, as the Surviving Brothers and Sisters of Larry Robertson, Deceased; WILLIE ROBERTSON, as the Surviving Brothers and Sisters of Larry Robertson, Deceased; CINDY WILLIAMS, as the Surviving Brothers and Sisters of Larry Robertson, Deceased,

Plaintiffs-Appellants,

versus

NEW ORLEANS CITY OF; DANNY KRAMER, JR.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(91-CV-2914-LLM)

February 17, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

The appellants challenge a jury verdict for the defendants in their suit filed pursuant to 42 U.S.C. § 1983. Because the appellants failed to move for a judgment as a matter of law, pursuant to Fed. R. Civ. P. 50, either at the close of the evidence or after the return of the verdict, the issue is

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

reviewed for plain error only, and this Court will reverse only if the judgment complained of results in a manifest miscarriage of justice. Phillips v. Frey, 20 F.3d 623, 627 (5th Cir. 1994). The appellants have "waived the right to appeal the sufficiency of the evidence, and may only complain of the legality of the verdict, i.e., whether there is any evidence to support the jury verdict." Id. (Emphasis added).

The testimony of officer Kramer and the taxi driver shows that Kramer, from an objective standpoint, reasonably believed that he would be killed by Robertson. See Reese v. Anderson, 926 F.2d 494, 500 (5th Cir. 1991). Accordingly, there was some evidence to support the jury's verdict that the force used by Kramer was neither excessive nor unreasonable.

AFFIRMED.